IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MORGAN FLETCHER SHIRLEY, ) | |
| AIS 235078, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CASE NO. 2:23-cv-295-ECM-SMD |
| ) | (WO) |
| LEE CARTER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

**I.    INTRODUCTION**

Proceeding *pro se*, Plaintiff Morgan Fletcher Shirley, a state inmate at the Elmore Correctional Facility, filed this complaint on a form used by inmates for filing 42 U.S.C. § 1983 actions. (Doc. 1.) Shirley names as defendants Circuit Judge Lee Carter, District Attorney Scott Slatton, and defense attorney James R. Mason, Jr. (*Id*. at 1–2.) He challenges actions by the named defendants that occurred during and in relation to a criminal proceeding against him in 2019 in the Marion County Circuit Court. (*Id*. at 2–3.) In that proceeding, a jury convicted Shirley of felony murder and first-degree robbery, for which he received concurrent life sentences. On appeal, the Alabama Court of Criminal Appeals held that the two convictions violated double-jeopardy principles.[1] Accordingly, that court affirmed Shirley's felony-murder conviction and sentence, reversed his robbery

---

[1] *See Shirley v. State*, 324 So. 3d 447 (Ala. Crim. App. 2020). This Court may take judicial notice of facts about proceedings in other courts that can be readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(2), (c).

conviction, and remanded the case with instructions for the trial court to vacate the robbery conviction and corresponding sentence. Upon consideration of Shirley's instant complaint, this Court finds that this case should be transferred to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1391 and 28 U.S.C. § 1404.[2]

## II.   DISCUSSION

A 42 U.S.C. § 1983 "action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). The law further provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought . . ." 28 U.S.C. § 1404(a). The actions described in Shirley's complaint occurred in Marion County, which is located in the federal jurisdiction for the Northern District of Alabama. Shirley identifies no defendants who reside within the federal jurisdiction for the Middle District of Alabama, and the addresses he provides for two defendants named in the complaint are in Hamilton, a city in Marion County, while the address he provides for the named third defendant is in Decatur, a city in Morgan County—

---

[2] Upon filing the complaint, Shirley filed a motion in support of a request for leave to proceed *in forma pauperis*. (Doc. 2.) The assessment and collection of any filing fees, however, should be undertaken by the United States District Court for the Northern District of Alabama.

which is also within the Northern District of Alabama. He describes no events or omissions giving rise to his claims that occurred in the Middle District of Alabama, and he identifies no other basis for proper venue in the Middle District. Therefore, under 28 U.S.C. § 1391(b), the proper venue for Shirley's action is the Northern District of Alabama, and this case is due to be transferred under 28 U.S.C. § 1404(a).[3]

## III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1404(a).

It is further

ORDERED that the parties shall file any objections to this Recommendation by **May 18**, **2023.** A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning*

---

[3] In transferring this case, the court makes no determination with respect to the merits of the claims presented in the complaint.

*Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 4th day of May, 2023.

/s/ Stephen M. Doyle
STEPHEN M. DOYLE
CHIEF U.S. MAGISTRATE JUDGE